IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY LADON BUSBY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-04-CV-0981-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeremy Ladon Busby, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of murder and sentenced to 75 years confinement. His conviction and sentence were affirmed on direct appeal. *Busby v. State*, No. 05-99-01185-CR (Tex. App.--Dallas, Apr. 23, 2001, pet. dism'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Busby*, No. 56,831-01 (Tex. Crim. App. Feb. 18, 2004). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) the prosecutor knowingly used false testimony to obtain a conviction; and (3) newly discovered evidence demonstrates that he is actually innocent.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  *See* Pub.L. 104-132, 110 Stat. 1214 (1996).

Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may

grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law

or if the state court decides a case differently than [the] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d

389 (2000).  An unreasonable application of clearly established federal law is one in which "the state

court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter*

*v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004).  Stated

differently, "a federal court may grant relief when a state court has misapplied a 'governing legal

principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting*

*Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference

to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).[1]

### B.

Petitioner first contends that he received ineffective assistance of counsel at trial.  In particular, petitioner complains that his lawyer:  (1) failed to timely object to the selection of a disabled juror; (2) did not object to extraneous offense evidence or request a jury instruction limiting the use of such evidence; (3) failed to request a jury instruction on accomplice witness testimony; and (4) did not adequately investigate the case.

### 1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064.  The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, ___ F.3d ___, 2005 WL 1367821 at *1 (5th Cir. Jun. 10,

---

[1]  Petitioner argues that this "presumption of correctness" should not apply because the state court failed to provide a "full and fair fact hearing" on his application for post-conviction relief. (*See* Pet. Reply at 1).  The Fifth Circuit has held that a full and fair hearing is not a prerequisite to the application of the AEDPA's deferential framework. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).  Second, the petitioner

must prove that he was prejudiced by his attorney's substandard performance.  *Strickland*, 104 S.Ct.

at 2067.   Prejudice results when "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceedings would have been different." *Id.* at 2068; *see also*

*Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas

petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to

deficient performance of counsel).  There is a strong presumption that counsel's conduct falls within

a wide range of reasonable professional assistance.  *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th

Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990).  In order to obtain federal habeas relief, a petitioner

must affirmatively show how the actions of his attorney deprived him of a fair trial.  *See Czere v.*

*Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

2.

Petitioner initially argues that his attorney was ineffective for failing to timely object to juror

Christine Benson, who suffered from an anxiety disorder.  Although defense counsel suspected that

Benson might be disabled, he did not object to her selection until after the jury was empaneled and

sworn.  (*See* SF-IV at 10-11).  The trial court overruled the objection as untimely and gave petitioner

a choice--either leave Benson on the jury or proceed with 11 jurors.  (*Id.* at 11).  Counsel rejected

both options and asked for a new panel.  (*Id.*).  The judge denied that request, discharged Benson

from jury service, and tried the case with 11 jurors.  (*Id.*).[2]

---

[2] Under Texas law, 11 jurors may render and return a verdict in a felony case when a juror dies or becomes disabled after the trial begins.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 2001).  Because counsel did not object to Benson until after the jury was sworn-in, the trial court was authorized to proceed with only 11 jurors.  *See Johnson v. State*, 525 S.W.2d 170, 172 (Tex. Crim. App. 1975) (trial begins when jury is selected and sworn).

On direct appeal, petitioner argued that the trial court erred in excusing Benson and proceeding to trial with less than 12 jurors.  The court of appeals noted that defense counsel had advance knowledge that Benson was disabled, but "stood mute" as the jurors were sworn-in.  As a result, nothing was preserved for appellate review.  *See Busby*, No. 05-99-01185-CR, op. at 6.  The state habeas court viewed the record differently, finding that "counsel objected immediately to the trial court swearing in the jury knowing one of the jurors was disabled ahead of time."  (St. Hab. Tr. at 157, ¶ 6; *see also id.* at 169-70, ¶ 5).  But even if counsel failed to object in a timely manner, the state court determined that petitioner was not prejudiced thereby.  Of particular significance was the testimony of two witnesses, Susan Johnson and Jareem Mayberry, who saw petitioner shoot Andre Wright following an argument at the Deluxe Inn.  (SF-IV at 46-50, 124-26).  Petitioner's brother, Reginald Love, also witnessed the argument and heard gunshots as petitioner chased Wright.  (SF-VI, St. Exh. 6A).[3]  In light of this evidence, the state habeas court found that the outcome of the trial would not have been different had counsel objected earlier and a new panel heard the case.  (St. Hab. Tr. at 170, ¶ 5).  This finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Webb v. Dretke*, 2003 WL 23139446 at *3 (N.D. Tex. Dec. 31, 2003).  Petitioner has not offered any evidence, much less clear and convincing evidence, to rebut the finding that he was not prejudiced by counsel's failure to timely object to the selection of Christine Benson.

3.

Petitioner also criticizes his attorney for not objecting to extraneous offense evidence or requesting a jury instruction limiting the use of such evidence.  At trial, Hopkins County Deputy

---

[3] At trial, Love denied any memory of events surrounding the shooting due to self-induced cocaine ingestion. (*See* SF-IV at  81-82).  However, in a prior statement given to the police, Love admitted seeing petitioner argue with "some guy" in the parking lot of the Deluxe Inn and chase him around the motel with a gun.  (*Id.* at 82-85 & SF-VI, St. Exh. 6A).  In this statement, Love admitted seeing petitioner (SF-VI, St. Exh. 6A).

Sheriff Cesar Munoz testified that he encountered petitioner and a female passenger traveling eastbound on IH-30 in Sulphur Springs, Texas at approximately 2:45 a.m. on October 4, 1998--three days after Wright was shot and killed in Dallas, Texas.  Munoz stopped petitioner for exiting the highway without using a right turn signal.  (SF-IV at 216-19).  Petitioner, who initially identified himself as Reginald Love, consented to a voluntary search of his rented U-haul truck.  (*Id.* at 223, 228-30).  Among the items recovered in the search were a handgun, some furniture, and $3,500 in cash.  (*Id.*).  Petitioner later revealed his true identity and was arrested for unlawful possession of a firearm.  (*Id.* at 232).

Defense counsel did not object to this testimony or request a limiting instruction.  In an affidavit filed with the state habeas court, counsel explained that Munoz's testimony was admissible as "evidence of flight" and "consciousness of guilt."  (St. Hab. Tr. at 131-32).  The state court agreed, finding that the evidence "was same-transaction contextual evidence admissible under rule 402, not extraneous offense testimony under rule 404(b)."[4]  (*Id.* at 170-72, ¶ 7; *see also id.* at 172, ¶ 9).  Indeed, the fact that petitioner identified himself as his brother after being stopped by the police some 90 miles from Dallas just days after the murder was committed is evidence of flight from which an inference of guilt may be drawn.  *See Camacho v. State* 864 S.W.2d 524, 532 (Tex. Crim. App. 1993), *cert. denied*, 114 S.Ct. 1334 (1994).  Evidence regarding the handgun recovered from his vehicle, though a legally separate offense, was so "blended or closely interwoven" with the murder that proof of all facts was proper.  *See Johnson v. State*, 510 S.W.2d 944, 948 (Tex. Crim. App. 1974).  To the extent petitioner argues that his attorney should have objected to testimony that he was stopped for exiting the highway without using a right turn signal, this court agrees with the

---

[4] Tex. R. Evid. 404(b) prohibits evidence of "other crimes, wrongs or acts . . . to prove the character of a person in order to show action in conformity therewith."

state habeas court that "[t]he jury did not convict [petitioner] of Murder because he failed to use his turn signal." (St. Hab. Tr. at 159, ¶ 10). Under these circumstances, no reasonable criminal practitioner would have objected to or requested a limiting instruction regarding this evidence at the guilt/innocence phase of the trial.[5]

4.

Nor was counsel ineffective for failing to request a jury instruction on accomplice witness testimony. Under Texas law, a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). An "accomplice" is someone who participated in the crime before, during, or after its commission. *See McFarland v. State*, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996), *cert. denied*, 117 S.Ct. 966 (1997). As noted by the state habeas court, there was no evidence presented at trial suggesting that any other person assisted petitioner in the murder. (St. Hab. Tr. at 159-60, ¶ 11). Therefore, a jury instruction on accomplice witness testimony was not warranted.

5.

Petitioner further alleges that counsel failed to thoroughly investigate the facts of the case. As a consequence of this inadequate investigation, petitioner believes that his attorney was not prepared to challenge the fruits of his illegal arrest or impeach the testimony of three key witnesses.

Petitioner's first argument is patently frivolous. Although counsel did not file a motion to suppress, the state habeas court determined that the consent search of petitioner's vehicle was lawful.

---

[5] At the punishment phase of the trial, the charge contained an instruction prohibiting the jury from considering any testimony of acts or transactions not alleged in the indictment, "unless you first find and believe beyond a reasonable doubt that the defendant committed such acts or participated in such transactions[.]" (St. App. Tr. at 41). Such an instruction is required by Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).

"It follows the gun, money, and other fruits of the voluntary search were not poisonous fruit; they were all admissible."  (*Id.* at 176, ¶ 22).  Petitioner offers nothing to rebut that finding.

The second aspect of petitioner's "inadequate investigation" claim implicates the testimony of Susan Johnson, Jareem Mayberry, and Reginald Love.  With respect to Johnson, petitioner maintains that defense counsel should have presented evidence of:  (1) her incarceration on pending felony charges; (2) the absence of any records to corroborate her testimony that she called 911 five times on the night of the offense; (3) her inability to witness the shooting due to the structural layout of the crime scene; and (4) the omission of pertinent details from the statement she gave to the police.  Petitioner contends that counsel should have discovered that Mayberry:  (1) lied about the amount of drugs made the basis of a pending criminal charge; (2) was not arrested on the night of shooting even though drugs were found in his car; and (3) was not present at the scene of the crime, but merely standing in for another witness named "Arnold."  As for Love, petitioner argues that his attorney should have adduced evidence that he was coerced and intimidated into giving a statement to the police.

The Sixth Amendment requires counsel "to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary."  *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir.), *cert. denied*, 118 S.Ct. 361 (1997), *citing Strickland*, 104 S.Ct. at 2066.  The reasonableness of an investigation depends, in large part, on the information provided by the defendant.  *Id.*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989).  In a response filed with the state habeas court, counsel explained that he repeatedly asked for the names of witnesses and other information to assist him in preparing the case, but received no reliable information from petitioner.  (St. Hab. Tr. at 132).  On the eve of trial, petitioner finally identified several potential witness.  However, counsel determined that their testimony was untruthful and

refused to present false evidence.  (*Id.*).  Counsel also addressed the specific allegations made by

petitioner with respect to Johnson, Mayberry, and Love:

> As for Susan Johnson, her name became available shortly before voir
> dire, which is all that is required of the State.  As for the search of
> 911 calls issued in Johnson's name or the registry of the Deluxe Inn
> for the name of "Paul", the [petitioner] would have Counsel conduct
> searches even though a person named "Susan Johnson" did not
> identify themselves as such or perhaps "Paul" registered under
> another name.  This evidence would in no way prove to be
> determinative.  As for whether Ms. Johnson actually witnessed the
> murder, the Jury was given all of the facts and was free to make its
> own decision.
>
> * * * *
>
> Jareem Mayberry was in fact the individual that drove the victim to
> Parkland Hospital.  Police identified him as the individual they spoke
> with at the Deluxe Inn after the shooting.  [Petitioner] never indicated
> to Counsel that Mr. Mayberry had not been there.  As for the search
> for other witnesses, Counsel believed the State had more than enough
> eyewitnesses, including the [petitioner's] brother.  Many of the
> witnesses in this matter were transients and of questionable character.
> That was due in large fact to where this crime took place.  Counsel
> questioned each witness as to credibility.  The Jury obviously
> believed said witnesses to the extent its members believed
> [petitioner] was guilty of murder beyond a reasonable doubt.
>
> As for Mr. Love's testimony, he seemed to testify for both sides.  As
> [petitioner's] brother, Mr. Love put on a performance to indicate at
> least some resistance.  But in the end, Mr. Love's testimony was
> clearly in favor of the State of Texas.  Counsel questioned Mr. Love
> and the investigating officers extensively as to the possible coercion
> involved.  Prior to trial, Counsel received letters from [petitioner] that
> had been received by [petitioner] from Mr. Love.  Further interviews
> of Mr. Love would not have seemed fruitful to Counsel and in fact
> Counsel believed such interviews would open the door to false
> testimony on the part of Mr. Love.

(*Id.* at 132-33).  Petitioner did not rebut counsel's response with specific evidence.  Instead, as noted

by the state habeas court, his entire argument was based on "suppositions." (*Id.* at 176, ¶ 20).

The state court carefully considered petitioner's claims and determined that counsel was not ineffective in any respect. Nor was there any evidence that "had [counsel] better investigated the facts, he would have found any specific admissible evidence which would have effected the outcome of [the] trial." (*Id.* at 176, ¶ 20). Other than his own speculative assertions, petitioner offers nothing to rebut that finding. Such self-serving and conclusory arguments do not merit federal habeas relief. *See Hereford v. Cockrell*, 2003 WL 21999497 at *7 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003) (citing cases).

C.

In a related claim, petitioner contends that his appellate lawyer should have challenged his conviction based on ineffective assistance of counsel and an improper reasonable doubt instruction. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

Petitioner appealed his conviction on only one ground--that the trial court erred in excusing Christine Benson from the jury and proceeding to trial with 11 jurors. Although his attorney did not

raise an ineffective assistance of counsel claim on direct appeal, such a claim is more appropriate for collateral review. *See Thompson v. State*, 9 S.W.3d 808, 813-14 & n.5 (Tex. Crim. App. 1999) (rarely will reviewing court be capable of making a fair evaluation of the merits of an ineffective assistance of counsel claim on direct appeal). Moreover, the state habeas court ultimately determined that petitioner received effective assistance of counsel at trial. There is no reason to believe that determination would have been different had the issue been raised on appeal.

Nor could appellate counsel challenge the reasonable doubt instruction contained in the jury charge. Relying on *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), the trial court instructed the jury:

> The State has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.
>
> It is not required that the State prove guilt beyond all possible doubt; it is required that the State's proof excludes all reasonable doubt concerning the defendant's guilt.
>
> A reasonable doubt is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of their own affairs.
>
> Proof beyond a reasonable doubt, therefore, must be proof of such convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

(St. App. Tr. at 34). *Geesa* was subsequently overruled by *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (holding that "the better practice is to give no definition of reasonable doubt at all to the jury"). However, *Paulson* applies only to cases tried after October 4, 2000. *See Cook v. State*, 99 S.W.3d 310, 315 (Tex. App.--Eastland 2003, no pet.). Petitioner was tried on June 22,

1999. Therefore, it would have been futile for appellate counsel to seek reversal on that ground.[6]

## D.

Next, petitioner contends that the prosecutor knowingly used perjured testimony to convict him. This claim also implicates the testimony of Susan Johnson, Jareem Mayberry, and Reginald Love. According to petitioner, all three witnesses gave false testimony at trial after being coerced and intimidated by the prosecutor.

The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 112 S.Ct. 2983 (1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that Johnson and Mayberry lied at trial or that the prosecutor knew their testimony was false.[7] Although Love now claims that he told the prosecutor he gave a false statement to the police, the state habeas court found otherwise. (*See* St. Hab. Tr. at 166-67, ¶ 30). Petitioner has failed to rebut that finding by clear and convincing evidence.

---

[6] Even under *Paulson*, it is not necessarily reversible error for a trial court to submit a reasonable doubt instruction. "[I]f both the State and the defense were to agree to give the *Geesa* instruction to the jury, it would not constitute reversible error for the trial court to acquiesce to their agreement." *Paulson*, 28 S.W.3d at 573. Here, neither the state nor the defense objected to the instruction on reasonable doubt.

[7] Neither Johnson nor Mayberry has recanted their trial testimony in a sworn affidavit or an unsworn declaration. Instead, petitioner relies on his own affidavit detailing a conversation he allegedly had with Johnson in a holding cell during his trial. According to petitioner, Johnson told him that she was threatened by the prosecutor and told to give false testimony. (St. Hab. Tr. at 86). Aside from the obvious hearsay problems presented by this evidence, petitioner wholly fails to explain the three-year delay in revealing his conversation with Johnson.

E.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id*. at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any compelling evidence of his innocence. The belated declaration of Reginald Love, recanting his trial testimony and disclaiming any personal knowledge of the shooting,[8] does not even approach this standard.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[8] After telling the police that petitioner argued with "some guy" at the Deluxe Inn and chased him around the motel with a gun, Love now states that "I never seen Mr. Jeremy Busby with a gun at the Delux [sic] Inn, and I have no personal knowledge of the murder that occur [sic] at the Delux Inn." (St. Hab. Tr. at 84).

DATED:  June 14, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE